UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---------------------------------------------------------------X
DORIS TYLER, individually
and on behalf of all other persons similarly
situated,

                      Plaintiff,

-against-

TACO BELL OF AMERICA, INC.,
TACO BELL CORP., and
TACO BELL OF AMERICA, LLC,

                      Defendants.
---------------------------------------------------------------X

Case No. 15-2084

**COMPLAINT**
**JURY DEMANDED**

Plaintiff, Doris Tyler, individually and on behalf of all others similarly situated, by her attorneys, upon personal knowledge as to Plaintiff's own conduct and upon information and belief as to other matters alleges as follows:

### I. NATURE OF THE ACTION

1. This action is brought on behalf of exempt Assistant General Managers ("AGMs"), and individuals holding comparable salaried positions with different titles employed by Defendants, Taco Bell of America, Inc., Taco Bell Corp., and Taco Bell of America, LLC ("Taco Bell" or "Defendants") within the United States (the "Collective").

2. Taco Bell is a national chain of fast-food restaurants serving a variety of Tex-Mex foods. As alleged herein, Taco Bell has misclassified Plaintiff and other similarly situated employees as exempt under federal overtime laws and failed to pay them overtime pay for hours worked above 40 in a workweek.

## II. NATURE OF CASE

3.      Plaintiff brings this case as a collective action on behalf of exempt Taco Bell AGMs and similarly situated current and former employees holding comparable positions with different titles, and who had worked at Taco Bell's company-owned restaurants[1] throughout the country (other than in California).  This action asserts that Taco Bell misclassified these individuals as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

4.      Plaintiff Doris Tyler ("Tyler") alleges on behalf of herself and all current and former exempt Taco Bell AGMs and similarly situated current and former employees holding comparable positions with different titles, employed by Defendants in the United States, and who elect to opt into this action pursuant to the FLSA 29 U.S.C. § 216(b) (the "Collective Action Members"), that they are entitled to: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA.

## III. JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff Tyler's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      Defendant is subject to personal jurisdiction in this Court.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] As used in this Complaint, "company-owned" refers to Taco Bell restaurants owned and operated by Defendants, as opposed to Taco Bell restaurants operated by independent franchisees.  This case only involves AGMs and similarly situated current and former employees holding comparable positions with different titles, who were classified as exempt and employed at the Taco Bell units owned and operated by Defendants.

## IV. THE PARTIES

*<u>Plaintiff</u>*

9.	Plaintiff Tyler resides in Memphis, Shelby County, Tennessee.

10.	Plaintiff Tyler was employed by Taco Bell as an exempt AGM from in or about January 2004 to December 24, 2014 at Defendants' restaurants in Memphis, Tennessee, Hernando, Mississippi, and West Memphis, Arkansas.[2]

11.	From on or about November 14, 2012 to December 24, 2014, Plaintiff Tyler worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

*<u>Defendants</u>*

12.	Upon information and belief Defendant Taco Bell of America, Inc. is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 1141 Gardiner Lane, Louisville, KY 40213.

13.	Upon information and belief Defendant Taco Bell Corp. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 1 Glen Bell Way, Irvine, CA 92618.

14.	Upon information and belief, Taco Bell of America, LLC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Glen Bell Way, Irvine, CA 92618.

---

[2] Plaintiff Tyler has released her FLSA claims that arose prior to November 13, 2013. Accordingly, her claims in this action are expressly limited to those from November 14, 2013 to December 24, 2014.

15. Defendants, as joint employers within the meaning of the FLSA, operate a chain of approximately 865 corporately owned Taco Bell restaurants throughout the United States.

16. Defendants jointly employed Plaintiff Tyler and other similarly situated AGMs classified as exempt from overtime under the FLSA.

17. Defendants are each covered employers within the meaning of the FLSA.

18. Upon information and belief, each Defendant has had gross revenues exceeding $500,000 for all relevant periods herein.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiff Tyler seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as an exempt AGM at any time from February 4, 2012 to December 24, 2014 (the "Collective Action Period").

20. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff Tyler and other exempt AGMs.

21. There are many similarly situated current and former Taco Bell exempt AGMs who have not been paid overtime compensation in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

22. The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## VI. STATEMENT OF FACTS

23. Defendants employed Plaintiff Tyler and the Collective Action Members.

24. On or about December 24, 2014, Defendants classified all AGMs as exempt from the overtime requirements of the FLSA. On or about December 24, 2014, Defendants reclassified all AGMs as non-exempt and started to pay them overtime wages under the FLSA for all hours worked over 40 in a workweek.

25. Upon information and belief, the primary duties of AGMs were the same during the time the Defendants classified the position as exempt, as they were when AGMs were reclassified as non-exempt under the FSLA.

26. Defendants maintain control, oversight, and discretion over the operation of its restaurants, including their employment practices with respect to Plaintiff, and the Collective Action Members.

27. Plaintiff Tyler's and the Collective Action Members' work as exempt AGMs was performed in the normal course of Defendants' business and was integrated into it.

28. Consistent with the Defendants' policy, pattern and/or practice, Plaintiff Tyler and the FLSA Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

29. All of the work that Plaintiff Tyler and the Collective Action Members performed as exempt AGMs was assigned by Defendants, and/or Defendants are aware of all of the work that they have performed.

30. As an exempt AGM, Defendants scheduled Plaintiff Tyler to work 50 hours per workweek, but Tyler actually worked 55 to 60 hours per week and was not paid overtime for the hours she worked in excess of 40 in any workweek while an exempt AGM. One such week, among

5

others where Plaintiff worked more than 40 hours in a workweek, as an exempt AGM without receiving overtime premium wages, was November 17-23, 2013.

31. Plaintiff Tyler's work as an exempt AGM required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion. In fact, after her position as an AGM was reclassified as non-exempt under the FLSA, her duties and responsibilities did not change.

32. Throughout the Collective Action Period, Plaintiff Tyler and the Collective Action Members, performed the same primary job duties including, but not limited to:

   a. bussing tables;

   b. cleaning the restaurant;

   c. checking to make sure that supplies were properly shelved;

   d. checking inventory;

   e. cashiering;

   f. cooking;

   g. working "on the line"; and

   h. helping customers.

33. Plaintiff Tyler's and Collective Action Members' primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

34. During the Collective Action Period, pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all AGMs as exempt from coverage of the overtime provisions of the FLSA.

35. Defendants did not perform a person-by-person analysis of Plaintiff Tyler's and the Collective Action Members' job duties when making the decision to classify them as exempt from the FLSA's overtime protections.

36. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

37. Defendants established labor budgets to cover labor costs for the stores in which the Plaintiff Tyler and similarly situated exempt AGMs worked. The wages of Defendants' restaurant-level employees were deducted from the labor budgets. Defendants, however, did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant. Defendants knew or recklessly disregarded the fact that their underfunding of restaurant labor budgets resulted in Plaintiff Tyler and other similarly situated exempt AGMs working more than 40 hours in a workweek without receiving any additional overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

38. Defendants knew, by virtue of the fact that their Restaurant Managers and other upper level management employees (as their authorized agents) actually saw the Plaintiff Tyler and other similarly situated exempt AGMs perform primarily manual labor and non-exempt duties, that a result of their underfunding restaurant labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. As a direct consequence, exempt AGMs' primary duty was non-exempt tasks.

39. Defendants knew that Plaintiff Tyler and other similarly situated AGMs were not performing activities that complied with any FLSA exemption and, inasmuch as Defendants are

substantial corporate entities aware of their obligations under the FLSA, they, accordingly, acted willfully or recklessly in failing to classify Plaintiff Tyler and other similarly situated AGMs as non-exempt employees.

40. Defendants knew or should have known that Plaintiff Tyler and other similarly situated exempt AGMs were not performing activities that complied with any FLSA exemption since it has previously been sued for such wage and hour overtime violations.

41. Defendants were or should have been aware that federal law required them to pay employees performing primarily non-exempt duties an overtime premium for hours worked in excess of 40 per week.

42. Upon information and belief, on or about December 24, 2014, in recognition that AGMs were performing primarily non-exempt tasks, Defendants re-classified all AGMs as non-exempt under the overtime requirements of the FLSA. At the time of this reclassification, Defendants did not change the primary job duties of AGMs and they performed the same tasks while classified as exempt and non-exempt.

43. Accordingly, Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

44. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff Tyler and the Collective Action Members. This policy and pattern or practice includes but it is not limited to:

    a. willfully misclassifying Plaintiff Tyler and the Collective Action Members as exempt from the requirements of the FLSA;

    b. willfully failing to pay Plaintiff Tyler and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week; and

    c. willfully failing to provide enough money in its store-level labor budgets.

45. Defendants' willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period, Defendants failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members.

46. During the course of the Collective Action Period, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required under the FLSA. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful or in reckless disregard of the Plaintiff's and other similarly situated exempt AGMs rights under the FLSA.

47. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

48. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiff and the Collective Action Members in excess of 40 hours per week was willful.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff Tyler and all Collective Action Members)

49. Plaintiff Tyler realleges and incorporates by reference all allegations in Paragraphs 1-48 as if fully set forth herein.

50. Taco Bell has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

51. Plaintiff Tyler has consented, in writing, to be a party to this action, pursuant to 29 U.S.C. § 216(b). (See Exhibit A).

52. At all relevant times, Plaintiff Tyler and other similarly situated current and former exempt AGMs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*. apply to Defendants.

54. Defendant are employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all times relevant, Plaintiff Tyler was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

56. Defendants have failed to pay Plaintiff Tyler and other similarly situated current and former exempt AGMs the overtime wages to which they were entitled under the FLSA.

57. At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to pay overtime compensation to their exempt AGMs and similarly situated employees in comparable positions but having different titles, for hours worked in

excess of 40 hours per workweek. Because Defendant's violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a result of Defendants' willful failure to compensate their exempt AGMs, including Plaintiff Tyler and the Collective Action Members, at a rate not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

59. As a result of Defendants' willful failure to record, report, credit and/or compensate their exempt AGMs, including Plaintiff Tyler and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

60. Because of Defendants' policy and practice of minimizing labor costs by underfunding the labor budget for its restaurants, Defendants knew or recklessly disregarded the fact that Plaintiff Tyler and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

61. Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge, through its Restaurant Managers and other upper-level management, that the primary duties of exempt AGMs was manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff Tyler's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants instituting a policy and practice that did not allow Plaintiff Tyler and

11

Collective Action Members to record all hours worked, Defendants' reclassification of all AGMs as nonexempt without changing their primary job duties, and Defendants failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that their conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

62. As a result of Defendants' FLSA violations, Plaintiff Tyler and the Collective Action Members are entitled (a) to recover from Defendants their unpaid wages for all of the hours worked by them over 40 in any workweek, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiff Tyler seek the following relief on behalf of herself and all others similarly situated and seek an order or orders providing the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff Tyler and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated exempt AGMs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the

following common methodology for calculating damages:  ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

        d.      Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

        e.      An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216(b);

        f.      An award of damages representing the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

        g.      An award of prejudgment and post-judgment interest;

        h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

        i.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Tyler demands a trial by jury on all questions of fact raised by the Complaint.

By:  /s/ William B. Ryan

| | |
|---|---|
| Silvia Strikis (*admission pending*) | William B. Ryan (Bar No. 20269) |
| Andrew Hetherington (*admission pending*) | Bryce W. Ashby (Bar No. 26179) |
| KELLOGG, HUBER, HANSEN, TODD, | Janelle C. Osowski (Bar No. 31359) |
|   EVANS & FIGEL, PLLC | Donati Law, PLLC |
| 1615 M Street N.W., Suite 400 | 1545 Union Avenue |
| Washington, DC 20036-3209 | Memphis, TN 38104 |
| Telephone:  (202) 326-7900 | Telephone:  901.278.1004 |
| sstrikis@khhte.com | billy@donatilaw.com |
| ahetherington@khhte.com | bryce@donatilaw.com |
| | janelle@donatilaw.com |

Seth Lesser (*admission pending*)
Fran L. Rudich (*admission pending*)
Michael Reed (*admission pending*)
KLAFTER, OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
slesser@klafterolsen.com
frudich@klafterolsen.com
michael.reed@klafterolsen.com

**ATTORNEYS FOR PLAINTIFF**