# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DORIS TYLER, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TACO BELL CORP., and TACO BELL OF AMERICA, LLC,<br><br>    Defendants. | No. 2:15-cv-02084-JPM-cgc<br><br>Jury Demanded |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Before the Court is Plaintiff's Motion for Notice and Conditional Certification, filed September 18, 2015. (ECF No. 41.) Defendants responded in opposition on October 19, 2015. (ECF No. 52.) Plaintiff, as well as opt-in plaintiff Sara Smith, filed a reply on November 2, 2015. (ECF No. 57.) The Court held a hearing on, <u>inter alia</u>, the Motion for Notice and Conditional Certification on December 23, 2015. (Min. Entry, ECF No. 69.) On December 28, 2015, Defendants filed a Notice of Supplemental Authority in Opposition to Plaintiff's Motion. (ECF No. 70.) On March 7, 2016, Plaintiff filed a Notice of Supplemental Authority in Support of her Motion. (ECF No. 73.)[1]

---

[1] Plaintiff originally filed her Notice of Supplemental Authority on March 4, 2016. (ECF No. 71.) This filing, however, was found to be deficient because it lacked an electronic signature. (ECF No. 72.) Plaintiff corrected the deficiency in the March 7, 2016 filing. (ECF No. 73.)

Defendants filed a Response to Plaintiff's Notice of Supplemental Authority on March 8, 2016. (ECF No. 75.) With leave of Court, Plaintiff filed a Reply to Defendants' Response on March 11, 2016. (ECF No. 78.) Plaintiff filed a second Notice of Supplemental Authority on April 5, 2016. (ECF No. 79.) Defendants filed a Response on April 7, 2016. (ECF No. 80.)

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Notice and Conditional Certification.

**I. BACKGROUND**

    **A. Factual Background**

This case involves allegations that Defendants misclassified Assistant General Managers as "exempt" under the Fair Labor Standards Act ("FLSA") and did not pay them overtime compensation. (See Am. Compl., ECF No. 25.) Taco Bell[2] employed Plaintiff Doris Tyler as an Assistant General Manager ("AGM") at its restaurant in West Memphis, Arkansas, and then at its restaurant on Elvis Presley Boulevard in Memphis, Tennessee during the period between September 18, 2012, and December 24,

---

[2] Defendants assert that Taco Bell of America, LLC, employed Tyler (SUF ¶ 1), but Plaintiff denies "that Taco Bell of America, LLC and Taco Bell Corp. were not joint employers." (Resp. to SUF ¶ 1.) Because this issue does not affect the Court's determination on summary judgment, the Court refers to both entities together as "Taco Bell" for the sake of simplicity.

2014.³ (Tyler Dep. 21:5-24:22, ECF No. 42-10;⁴ Statement of Undisputed Facts ("SUF") ¶ 2, ECF No. 50-2; Resp. to SUF ¶ 2, ECF No. 59-1.)

According to Tyler, despite her classification as an exempt employee, her primary duties were manual tasks, such as cleaning, cashiering, and taking out the trash. (Tyler Dep. 273:3-274:4; Resp. to SUF ¶¶ 7, 8.) She asserts that she regularly "performed hourly work because she was told to, and because there were not enough hourly workers to get the work done." (Resp. to SUF ¶ 13 (citing Tyler Dep. 286-87).) She contends that she was a member of the management team in name only and did not have any actual authority to make material decisions. (Tyler Dep. 125:21-26:20, 220:7-13, 221:19-222:1, 276:11-18; Resp. to SUF ¶¶ 8, 11, 28, 66-68.) Tyler maintains that she needed "verification" from the RGM to make any decisions about the restaurant. (Resp. to SUF ¶ 138 (citing Tyler Dep. 276, 288).)

Taco Bell, however, disputes Tyler's perception of her role as AGM and asserts that "Tyler's primary duties included coaching, developing, and training employees to perform their

---

³ Tyler has released her FLSA claims that arose prior to November 13, 2013 (see Am. Compl. ¶ 10 n.2, ECF No. 25), but requests conditional certification of a class beginning September 18, 2012, three years prior to the filing of the Motion for Conditional Certification (see ECF No. 42 at 2-3).

⁴ Defendants and Tyler each submit excerpts of Tyler's deposition transcript in connection with their summary judgment memorandum. (See ECF Nos. 50-3, 59-2 to 59-4.) For convenience, the Court refers to the complete transcript of Tyler's deposition, submitted at ECF No. 42-10.

3

duties well and provide excellent customer service." (SUF ¶ 8; see also Foust Dep. 166:1-169:10, ECF No. 50-5; Jackson Decl. ¶ 3, ECF No. 50-4.) According to Taco Bell, Tyler managed and directed the work of two to seven employees each day. (SUF ¶ 96 (citing Tyler Dep. 189:2-20).)

Additionally, Taco Bell asserts, and Tyler agrees, that Tyler interviewed applicants and recommended whether they should be hired. (SUF ¶ 108 (citing Tyler Dep. 191:4-24, 267:4-18, 268:1-25); Resp. to SUF ¶ 108.) The parties disagree, however, as to the weight given to Tyler's feedback on applicants. (SUF ¶¶ 109, 110; Resp. to SUF ¶¶ 109, 110.) The parties also disagree as to whether Tyler hired any employees. (SUF ¶¶ 111-14; Resp. to SUF ¶¶ 111-14.) Taco Bell also asserts that Tyler recommended employees for termination and that Taco Bell terminated those employees. (SUF ¶ 117 (citing Jackson Decl. ¶ 16).) Tyler's employment evaluations reflect that Tyler was often rated "below target" in many management areas (see Tyler Dep. Ex. 24; SUF ¶ 88), but Tyler asserts that these evaluations demonstrate her inability to perform various functions "given her manual task load" (Resp. to SUF ¶ 87; see also Tyler Dep. 288).

According to Taco Bell's corporate representative, Virginia Foust, "[f]or purposes of determining whether an AGM is exempt or non-exempt, in all significant respects the AGM's duties are

4

the same no matter what Taco Bell restaurant they work in."
(Foust Dep. 147:20-24, ECF No. 42-4.) She further explained
that "[t]he responsibilities and accountabilities are pretty
[much] the same across the stores but the actual execution of
duties could vary" and that expectations for AGMs are consistent
across Taco Bell. (Foust Dep. 170:4-7, 173:21-24.) Tyler, on
the other hand, does not know what duties any other AGM actually
performed. (Tyler Dep. 20:25-21:4.) Opt-In Plaintiff Sara
Smith asserts that, as an AGM, she also "performed many of the
activities performed by hourly employees who did receive
overtime." (Smith Decl. ¶ 5, ECF No. 42-11.)

**B. Procedural Background**

Plaintiff filed her Complaint on February 4, 2015. (ECF
No. 1.) On March 31, 2015, Defendants filed a Motion to
Dismiss. (ECF No. 14.) The Court held a hearing on the Motion
to Dismiss on May 4, 2015, and granted Plaintiff leave to amend
her Complaint. (Min. Entry, ECF No. 22.) Plaintiff filed an
Amended Complaint on May 15, 2015. (ECF No. 25.) The Court
denied as moot the Motion to Dismiss on May 20, 2015. (ECF No.
26.) Defendants filed separate Answers to the Amended Complaint
on May 29, 2015. (ECF Nos. 27, 28.)

On September 18, 2015, Plaintiff moved for conditional
class certification. (ECF No. 41.) Defendants responded in
opposition on October 19, 2015. (ECF No. 52.) Plaintiff filed

a reply brief on November 2, 2015.  (ECF No. 57.)  Defendants filed a Notice of Supplemental Authority on December 28, 2015. (ECF No. 70.)  Plaintiff filed a Notice of Supplemental Authority on March 7, 2016.  (ECF No. 73; see supra p. 1 n.1.)  On March 8, 2016, Defendants filed a Response to Plaintiff's Notice of Supplemental Authority.  (ECF No. 75.)  With leave of Court, on March 11, 2016, Plaintiff filed a Reply to Defendants' Response. (ECF No. 78.)  Plaintiff filed a second Notice of Supplemental Authority on April 5, 2016.  (ECF No. 79.)  Defendants filed a Response on April 7, 2016.  (ECF No. 80.)

On October 19, 2015, Defendants filed a Motion for Summary Judgment.  (ECF No. 50.)  Plaintiff responded in opposition on November 16, 2015.  (ECF No. 59.)  Defendants filed a reply brief on November 30, 2015.  (ECF No. 61.)  On December 15, 2015, Plaintiff filed a Notice of Supplemental Authority.  (ECF No. 67.)

Plaintiff also filed a Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d) on November 16, 2015, seeking a denial of Defendants' Motion for Summary Judgment to permit Plaintiff to obtain additional discovery.  (ECF No. 60.) On November 30, 2015, Defendants filed a Response in Opposition. (ECF No. 62.)  Plaintiff filed a reply brief on December 14, 2015.  (ECF No. 66.)  The Court held a hearing on the pending motions on December 23, 2015.  (Min. Entry, ECF No. 69.)  On

March 8, 2016, the Court denied Defendants' Motion for Summary Judgment and denied as moot Plaintiff's Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d). (ECF No. 74.) The pending Motion for Notice and Conditional Certification is the subject of the instant Order.

## II. LEGAL STANDARD

Section 216(b) of the FLSA provides that employees may recover unpaid overtime compensation by collectively suing an employer under certain circumstances. 29 U.S.C. § 216(b). Specifically, § 216(b) states:

> Any employer who violates [the maximum hours provisions] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . . An action to recover [such liability] may be maintained . . . by any one or more employees for an in behalf of himself or themselves and other employees similarly situated.

Id. "To proceed collectively, named plaintiffs must therefore demonstrate that they are 'similarly situated' to the opt-in plaintiffs—the employees they seek to notify and represent." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 757 (W.D. Tenn. 2011).

Courts generally employ a two-phase inquiry to determine whether plaintiffs are similarly situated. O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 583 (6th Cir. 2009), abrogated on other grounds by Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663

7

(2016). "The first stage occurs early in the discovery process, when the Court determines whether to 'conditionally' certify the proposed class. Lindberg, 761 F. Supp. 2d at 757 (citing Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 546-47 (6th Cir. 2006)); see also Shabazz v. Asurion Ins. Serv., No. 3:07-0653, 2008 WL 1730318, at *2-3 (M.D. Tenn. Apr. 10, 2008) ("The first step . . . consists of a preliminary inquiry into whether the plaintiff's proposed class consists of similarly situated employees who were collectively 'the victims of a single decision, policy, or plan[.]'" (alteration in original) (quoting Lugo v. Farmer's Pride Inc., Civil Action No. 07-cv-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008))).

The purpose of conditional certification is "to provide notice to potential plaintiffs and to present them with an opportunity to opt in." Lindberg, 761 F. Supp. at 757-58. "Because the determination at this stage is made using a fairly lenient standard, the Sixth Circuit has recognized that it 'typically results in conditional certification of a representative class.'" Id. at 758. "Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice" that violates the FLSA. Caballero v. Kelly Servs., Civil Action No. H-14-1828, 2015 U.S. Dist. LEXIS 137475, at *8 (S.D. Tex. Oct. 5, 2015). "At the

notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." Swigart v. Fifth Third Bank, 276 F.R.D. 210, 214 (S.D. Ohio 2011).

The second stage only occurs after "all of the opt-in forms have been received and discovery has concluded." Comer, 454 F.3d at 546. At that point, a second determination, using a more rigorous standard, is made as to whether the named plaintiffs and opt-in plaintiffs are similarly situated. Id. at 547.

**III. ANALYSIS**

**A. Conditional Certification**

Plaintiff argues that she is entitled to conditional certification because all AGMs employed by Defendants are similarly situated. (ECF No. 42 at 3-7.) Specifically, she "seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as an exempt AGM at any time from February 4, 2012 to December 24, 2014." (Am. Compl. ¶ 18, ECF No. 25.)

Tyler asserts that the testimony of Virginia Foust, Taco Bell's designated corporate representative, demonstrates that the same job duties apply to all AGMs at corporate-owned Taco Bell restaurants across the United States. (Id. at 3-4.)

9

Plaintiff also contends that the declaration of Opt-In Plaintiff Sara Smith corroborates her assertion that the duties of AGMs are the same. (Id. at 4.) Additionally, Plaintiff relies on Taco Bell's training materials, corporate policies, compensation method, and job description to support her argument that all AGMs employed by Taco Bell are similarly situated. (Id. at 4-7.) Plaintiff asserts that she spent approximately ninety to ninety-five percent of her time performing non-exempt tasks. (Tyler Dep. 265:10-24.) She contends that, therefore, her actual duties varied from those described in Taco Bell's written policies and job description. (ECF No. 42 at 3-4.) Plaintiff argues that her burden at the conditional certification stage is minimal and that, based on the uniform treatment of AGMs, the class should be conditionally certified. (Id. at 9-12.)

Defendants argue that the class should not be conditionally certified because (1) Plaintiff lacks standing to pursue a collective action, (2) Tyler was properly classified as an exempt employee, and (3) Tyler is not similarly situated to other Assistant General Managers. (ECF No. 52 at 2-20.) Specifically, Defendants assert that Tyler's responsibilities consisted of primarily "executive" duties, that a national Taco Bell policy enumerated primarily executive duties for all assistant general managers, and that Tyler does not know about and has not submitted evidence as to the actual duties performed

by other assistant general managers. (Id. at 6-20.) Defendants submit the declarations of ten assistant general managers at Taco Bells around the country to refute Plaintiff's contentions that all AGMs primarily perform manual tasks. (ECF No. 52-4.)

Despite the low standard for conditional certification, Plaintiff fails to show that she is similarly situated to all of the current and former AGMs who are the asserted potential plaintiffs. Plaintiff's reliance on Taco Bell's corporate documents and the testimony of Taco Bell's corporate representative is misplaced. Taco Bell's job description, training materials, corporate policies, and compensation method for AGMs do not support conditional certification because these policies facially comply with the FLSA. See Caballero, 2015 U.S. Dist. LEXIS 137475, at *12-13 ("Similar job descriptions are insufficient to support allegations of a defendant employer's unwritten national policy regarding overtime timekeeping practices.") Similarly, Foust's testimony that all AGMs at corporate-owned Taco Bell restaurants completed the same training (Foust Dep. 74:5-13), were subject to the same guidelines (see, e.g., id. at 100:2-25), received the same benefits (id. at 158:20-160:1), and had "pretty [much] the same" responsibilities and accountabilities (id. at 169:11-170:7), does not demonstrate a "class-wide policy" that violates the FLSA or otherwise support conditional certification. But see

Monroe v. FTS USA, LLC, -- F.3d --, 2016 WL 814329, at *8 (6th Cir. Mar. 2, 2016) (finding that "the record contained ample evidence of a company-wide policy of requiring technicians to underreport hours that originated with FTS executives" in reviewing a district court's denial of a motion to decertify class).[5] Foust's testimony instead suggests that Taco Bell's other AGMs were properly classified as exempt employees under the FLSA and that Plaintiff's misclassification, assuming her allegations are true, was an anomaly.

Additionally, Plaintiff's own testimony does not demonstrate that other AGMs were also misclassified. In her deposition, Plaintiff repeatedly stated that she had no personal knowledge about the duties performed by any other AGM between 2012 and 2014. (Tyler Dep. 19:4-8, 23:2-13, 295:22-296:1.)

---

[5] In Plaintiff's Notice of Supplemental Authority, she cited Monroe v. FTS USA, LLC, -- F.3d --, 2016 WL 814329 (6th Cir. Mar. 2, 2016). While Monroe rearticulates general principles for FLSA certification, it is not particularly relevant in the instant matter. Monroe involves the denial of a motion for decertification following a jury verdict, which involves the application of a different standard than conditional certification. Additionally, in Monroe, the collective plaintiffs presented evidence of a company-wide policy that violated the FLSA. Id. at *8.

The Court also clarifies that it does not consider whether individualized inquiries would be necessary in the instant case. Said rationale for denying certification in an FLSA action was rejected in Monroe, 2016 WL 814329, at *7, and O'Brien, 575 F.3d at 584-85. See also Kampfer v. Fifth Third Bank, Case No. 3:14 cv 2849, at 10-11 (N.D. Ohio Mar. 22, 2016) (declining to consider the "unique defenses" by putative class members in granting a motion for conditional certification). As Plaintiff correctly states, the need to perform individualized inquiries is not relevant to whether conditional certification is appropriate. The Court grants limited conditional certification due to the lack of any evidence that AGMs who worked in corporate-owned Taco Bell restaurants, other than those who worked in store number 17477 in West Memphis, Arkansas, and store number 1618 on Elvis Presley Boulevard in Memphis, Tennessee, were similarly situated to Tyler.

She acknowledged, in fact, that other AGMs might do things differently than she did. (Id. at 36:17-22.) Thus, while Plaintiff's testimony that she spent a significant portion of her time performing non-exempt tasks supports her claim that she, individually, may have been misclassified, it has no bearing on her claim that other AGMs were also misclassified and, accordingly, were similarly situated.

The Court also notes the paucity of affidavits from other AGMs supporting Plaintiff's claim for conditional certification. Plaintiff submits only the declaration of Opt-In Plaintiff Sara Smith, in which Smith states that, as AGM, she "was not permitted to depart from Taco Bell's corporate policies" and "performed many of the activities performed by hourly employees." (Smith Decl. ¶¶ 2, 5, ECF No. 42-11.) Smith also states that she lacked authority to determine which menu items to sell, the layout of the store, the prices for the menu items, the store hours, the payroll budget, the employee pay rate, the dress code, and the vendors from whom to order supplies. (Id. ¶¶ 7-14.) Smith does not, however, assert that her primary duty consisted of non-exempt tasks, that she did not regularly direct the work of two or more employees, or that she lacked authority to hire or fire personnel. (See id.) Thus, Smith fails to allege a similar violation of the FLSA due to misclassification.

Lacking such allegations, Smith's declaration does not support Plaintiff's claim that other AGMs were similarly situated.

The Court also notes that Taco Bell has produced affidavits from ten other AGMs at corporate-owned Taco Bell restaurants across the country (ECF No. 52-4), including one affidavit from Sharon Miles, an AGM at the West Memphis, Arkansas, location where Tyler worked (id. at PageID 1974-80). These affidavits directly contradict Tyler's testimony, and state that the undersigned AGMs are responsible for hiring and firing, overseeing employees, and generally managing the store. (See Arreguin Decl. at PageID 1918-21, Cuadrado Decl. ¶¶ 9, 35, 36, Henry Decl. at PageID 1934-35, Hufstetler Decl. ¶¶ 3, 4, 8, Husk Decl. at PageID 1949-51, Jarvis Decl. at PageID 1960, 1963, 1966, 1968, W. Miles Decl. at PageID 1982-83, Nanez Decl. at PageID 1989-90, 1992, Teague Decl. at PageID 1999, 2001, 2003, ECF No. 52-4.) At this stage, however, the Court "do[es] not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues." Swigart, 276 F.R.D. at 214. The Court therefore places minimal weight on the proffered affidavits, which are from employees "hand-picked" by Taco Bell, noting only that these affidavits highlight Plaintiff's failure to submit more than a single, inapposite affidavit. Cf. Creely v. HCR ManorCare, Inc., 789 F. Supp. 2d 819, 840 (N.D. Ohio 2011)

("[T]he Court's function at this stage of conditional certification is not to performed a detailed review of individualized facts from employees hand-picked by [the defendant].").

"The prevailing practice is to require plaintiffs to establish through evidence at least a 'colorable basis for their claim that the putative class of similarly situated plaintiffs exist.'" Thompson v. RGT Mgmt., Inc., No. 2:11-cv-02573-AJT-dkv, 2012 WL 3261059, at *3 (W.D. Tenn. June 8, 2012) (quoting Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 596 (S.D. Ohio 2002)). Plaintiff has presented no evidence that any other AGM at a corporate-owned Taco Bell restaurant was misclassified as non-exempt under the FLSA. While the burden for conditional certification is low, it does require some showing that other AGMs may have been similarly misclassified. See Harrison v. McDonald's Corp., 411 F. Supp. 2d 862, 868 (S.D. Ohio 2005); D'Anna v. M/A-COM, Inc., 903 F. Supp. 889, 893-94 (D. Md. 1995) ("the better reasoned cases require the plaintiff to make a preliminary factual showing that a similarly situated group of potential plaintiffs exists" so as "to avoid the 'stirring up' of litigation through unwarranted solicitation" (quoting Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn. 1991))). Because Tyler does not establish "a colorable basis" for her claim that AGMs at other corporate-owned Taco

Bell restaurants were misclassified as non-exempt, conditional certification of a nationwide class is denied. Tyler's own testimony is sufficient, however, to assert a colorable claim that other AGMs at the two restaurants where Tyler was employed from 2012 to 2014 were misclassified as non-exempt. Accordingly, the Court grants conditional certification as to the two Taco Bell locations where Tyler worked during the relevant time period: store number 17477 in West Memphis, Arkansas, and store number 1618 on Elvis Presley Boulevard in Memphis, Tennessee. See O'Brien, 575 F.3d at 586 ("The option of partial certification is important to consider . . . .").

**B. Notice**

Plaintiff submits a proposed notice in the event of conditional certification (ECF No. 42-24) and argues that, if the Court conditionally certifies this action, the Court should order Taco Bell to produce contact information for every individual who could join the collective action. (ECF No. 42 at 13.) Plaintiff further argues that this notice should be sent to potential plaintiffs through first class mail and that Plaintiff should be permitted to send a follow-up reminder postcard and email notification. (Id. at 13-14.)

Because Plaintiff's proposed notice assumes conditional certification of a national class, it must be revised to reflect the limited conditional certification of a class of AGMs at only

the West Memphis, Arkansas (Store No. 17477), and Elvis Presley Boulevard, Memphis, Tennessee (Store No. 1618), locations. Accordingly, Plaintiff must submit a revised proposed notice for Court approval in accordance with this Order.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Notice and Conditional Certification is GRANTED IN PART as to the conditional certification of a class of AGMs at Taco Bell store numbers 17477 and 1618, and DENIED IN PART as to nationwide certification. Plaintiff shall submit a revised proposed notice by May 9, 2016. Defendants shall submit any objections to the revised proposed notice by May 16, 2016.

**IT IS SO ORDERED,** this 3rd day of May, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE