# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DORIS TYLER, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TACO BELL CORP., and TACO BELL OF AMERICA, LLC,<br><br>    Defendants. | No. 2:15-cv-02084-JPM-cgc<br><br>Jury Demanded |

**ORDER DENYING PLAINTIFF'S MOTION FOR REVISION OF INTERLOCUTORY ORDER**

Before the Court is Plaintiff's Motion for Revision of Interlocutory Order, filed May 17, 2016. (ECF No. 86.) Defendants responded in opposition on May 25, 2016. (ECF No. 88.)

For the following reasons, the Court DENIES Plaintiff's Motion for Revision of Interlocutory Order.

## I.   BACKGROUND

### A.   Factual Background

This case involves allegations that Defendants misclassified Assistant General Managers as "exempt" under the Fair Labor Standards Act ("FLSA") and did not pay them overtime compensation. (See Am. Compl., ECF No. 25.) The Court's May 3, 2016, Order granting in part and denying in part conditional

certification provides a comprehensive summary of the factual background of this case.

**B.     Procedural Background**

Plaintiff filed her Complaint on February 4, 2015.  (ECF No. 1.)  With leave of Court, Plaintiff filed an Amended Complaint on May 15, 2015.  (ECF No. 25.)  Defendants filed separate Answers to the Amended Complaint on May 29, 2015.  (ECF Nos. 27, 28.)

On September 18, 2015, Plaintiff moved for conditional class certification.  (ECF No. 41.)  Defendants responded in opposition on October 19, 2015.  (ECF No. 52.)  Plaintiff filed a reply brief on November 2, 2015.  (ECF No. 57.)  Defendants filed a Notice of Supplemental Authority on December 28, 2015.  (ECF No. 70.)  Plaintiff filed a Notice of Supplemental Authority on March 7, 2016.  (ECF No. 73.)  On March 8, 2016, Defendants filed a Response to Plaintiff's Notice of Supplemental Authority.  (ECF No. 75.)  With leave of Court, on March 11, 2016, Plaintiff filed a reply to Defendants' Response.  (ECF No. 78.)  Plaintiff filed a second Notice of Supplemental Authority on April 5, 2016.  (ECF No. 79.)  Defendants responded on April 7, 2016.  (ECF No. 80.)  On May 3, 2016, the Court granted in part Plaintiff's motion for conditional certification as to the two locations at which Plaintiff worked during the

relevant time period and denied in part Plaintiff's motion as to nationwide certification.  (ECF No. 81.)

On May 17, 2016, Plaintiff filed a motion for revision of the interlocutory order, requesting that the Court grant Plaintiff's motion for conditional certification in its entirety.  (ECF No. 86.)  Defendants responded in opposition on May 25, 2016.  (ECF No. 88.)  The Court has stayed the issuance of notice to potential class members pending resolution of the instant motion.  (Min. Entry, ECF No. 87.)

**II. LEGAL STANDARD**

A district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment.  Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 F. App'x 942, 945-46 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)).  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any [interlocutory] order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b); see also Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").  "Traditionally, courts will

find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 F. App'x at 959. Parties may not use a motion for revision to "repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." LR 7.3(c).

In this district, motions for revision of interlocutory orders are governed by Local Rule 7.3, which provides that "any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule. Motions to reconsider interlocutory orders are not otherwise permitted." LR 7.3(a). Reconsideration of an interlocutory order is only appropriate when the movant specifically shows:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b).

## III. ANALYSIS

### A. Request for Revision

Plaintiff argues that "this Court's denial of conditional nationwide certification misapplied the appropriate law by imposing a threshold legal requirement for conditionally certifying a nationwide class that is contrary to FLSA jurisprudence." (ECF No. 86 at 4.) Defendants argue that Plaintiff's motion does not identify a ground for revision set forth in Local Rule 7.3, and regardless, that Plaintiff is not entitled to revision. (ECF No. 88 at 4-14.)

As an initial matter, Defendants correctly observe that Plaintiff does not demonstrate, or even identify, the existence of any of the grounds for revision of an interlocutory order set forth in Local Rule 7.3. Plaintiff does argue that there is a material difference in law or fact from that presented to the Court before the Court entered its order on conditional certification that Plaintiff was unaware of at that time. Plaintiff also does not argue that there has been a change in law or that new facts have arisen since the entry of the Court's order. Additionally, although Plaintiff asserts that the Court misapplied the legal standard for class certification, Plaintiff does not identify material facts or legal theories that were presented to the Court but that the Court failed to consider. Accordingly, Plaintiff is not entitled to reconsideration of the

5

Court's order granting in part and denying in part conditional certification.

The Court, nevertheless, considers the arguments set forth in Plaintiff's motion. As Plaintiff correctly observes, the review at the conditional certification stage is "fairly lenient," White v. Baptist Mem'l Health Care Corp., 699 F.3d 869, 877 (6th Cir. 2012), and requires only a "modest factual showing," Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006). A plaintiff seeking class certification need only establish a "colorable basis for their claim that the putative class of similarly situated plaintiffs exist." Thompson v. RGT Mgmt., Inc., No. 2:11-cv-02573-AJT-dkv, 2012 WL 3261059, at *3 (W.D. Tenn. June 8, 2012) (quoting Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 596 (S.D Ohio 2002)). "[W]here some discovery has taken place, the court may require a proposed class of plaintiffs to make a 'modest plus' factual showing that they are similarly situated to the named plaintiffs." Creely v. HCR ManorCare, Inc., 920 F. Supp. 2d 846, 851 (N.D. Ohio 2013).

Particularly where some discovery has taken place, a plaintiff's allegations alone cannot be enough to satisfy this standard.[1] If it were, any plaintiff could obtain conditional

---

[1] There is disagreement among lower courts in this Circuit as to the factual showing that must be made by a plaintiff at this stage to show the existence of other employees who are "similarly situated." See, e.g., White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 368 (E.D. Tenn. 2006); Belcher v. Shoney's, Inc., 927 F. Supp. 249, 251 (M.D. Tenn. 1996).

6

certification merely by making particular allegations in his or her complaint, regardless of whether the allegations were based in fact. This would render the first stage of the certification process a mere "rubberstamp" of the complaint and eliminate the need for judicial review before issuing notice to potential class members.

In the instant case, the Court imposed a low burden on Plaintiff to show the existence of other employees who may be similarly situated. Plaintiff, however, has no personal knowledge of the duties of any other assistant general manager ("AGM"). (See Tyler Dep. 19:4-8, 23:2-13, ECF No. 42-10.) Taco Bell's corporate documents do not reflect that AGMs at any other locations may have been similarly misclassified. (See, e.g., ECF Nos. 42-5, 42-7, 42-9.) Moreover, the declaration of AGM Sara Smith is consistent with Taco Bell's description of an AGM's duties and responsibilities. (See Smith Decl., ECF No. 42-11.) There is simply no evidence from which to find a "colorable claim" that anyone other than Plaintiff may have been misclassified as an exempt employee.

According to Daryel Jackson, the Area Coach for the Taco Bell locations at which Tyler worked,

> [o]ne of an AGM's core duties is to "role model" the proper way to perform tasks, so that employees understand the Company's standards. When AGMs are on the floor assisting with food preparation or customer service, they are not just performing the same

7

> functions as hourly employees.  AGMs are expect to
> actively observe, coach, and lead by example at all
> times while on the floor, making sure that employees
> are performing up to standards and correcting any
> performance problems as they arise, to ensure a
> quality product and satisfied customers.

(Jackson Decl. ¶ 13, ECF No. 52-2.)

Jackson's statement is supported by Taco Bell's corporate documents.  For example, the Taco Bell document describing the "Assistant Manager Role" provides that one of the duties of an AGM is to "[e]ffectively role model the [Manager-in-Charge] Success Routine and ensure responsibilities under People, Customer and Service are completed."  (ECF No. 42-5; see also Foust Dep. 24:16-26:18, ECF No. 42-4.)  Taco Bell's job posting for the AGM position also provides that an AGM is responsible for, inter alia, "ensuring compliance with company standards in all areas of operation, including product preparation and delivery."  (ECF No. 42-7; see also Foust Dep. 26:19-29:19.)  Another corporate document explains that the scope of the AGM position includes "[o]ccasionally perform[ing] hands-on operational work to train employees, respond to customer service needs, or otherwise role model appropriate skills and behaviors in the restaurant."  (ECF No. 42-9; see also Foust Dep. 35:13-37:12.)  Even Tyler agreed that while performing a manual task such as "expediting," she could observe other employees on "the line."  (Tyler Dep. 194:8-25.)

Thus, although Smith states that she "performed many of the activities performed by hourly employees who did receive overtime," such as "bussing tables; cleaning the restaurant; checking to make sure that supplies were properly shelved; checking inventory; cashiering; cooking; working 'on the line'; and helping customers," the performance of these tasks is not inconsistent with Taco Bell's description of an AGM. (See Smith Decl. ¶¶ 5-6, ECF No. 42-11.) Smith does not indicate that these tasks were her primary duties, that she was not able to perform her managerial responsibilities as a result, or that she was otherwise required to perform duties different from those set forth in the Taco Bell policies. Moreover, although Smith identifies several tasks that she did not or could not perform as an AGM, these particular tasks have no bearing on whether Smith was properly classified as an exempt employee. Smith specifically states that she did not or could not decide what menu items to sell, determine the store layout, decide the prices for menu items, set store hours, establish the payroll budget, set the rate of pay for employees or determine pay raises for employees, establish the employee dress code, or determine the types of supplies to order, the vendors to order such supplies from, or the types of equipment used in preparing food. (Smith Decl. ¶¶ 7-14.)

Whether an employee satisfies the "executive capacity" exemption, however, involves consideration of a plaintiff's primary duties, whether the individual customarily and regularly directs the work of two or more employees, and whether the individual has authority to hire or fire employees or whether his or her suggestions and recommendations as to the hiring, firing, advancement, promotion, or other change of status of employees are given particular weight. 29 C.F.R. § 541.100(a). Smith's declaration does not address any of these elements, and as a result, the Court cannot infer that she may have been misclassified as exempt under the FLSA.

Considering the facts that Tyler had no personal knowledge of the duties and responsibilities of any other AGM, Taco Bell's corporate documents reflect that AGMs were properly classified as non-exempt employees, and Smith's declaration failed to state any facts showing that she may have been misclassified, the Court determined that there was no factual support to show a colorable claim that any employee at a Taco Bell location other than those where Plaintiff worked may have been misclassified as an exempt employee. Accordingly, the Court determined that national conditional certification was not appropriate, despite the "fairly lenient" standard and "modest factual showing" requirement at this stage. The Court finds no reason to revise its earlier determination.

### B. Plaintiff's Request for Section 1292(b) Certification

Plaintiff also requests that, in the event that the Court denies her motion for revision, the Court grant certification under 28 U.S.C. § 1292(b) to the Court of Appeals for the Sixth Circuit "of the question of what is the appropriate standard for notice and conditional certification in a FLSA misclassification case so that a more definitive standard can be determined." (ECF No. 86 at 6 n.3.) Defendants argue that Plaintiff has not satisfied the standard for certification because "there is no 'difference of opinion' as to the 'appropriate standard' in the case." (ECF No. 88 at 15 (quoting 28 U.S.C. § 1292(b)).) The Court agrees with Defendants.

Under 28 U.S.C. § 1292(b), when, in making an order, a district court finds that "there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the court may certify an interlocutory appeal of that order. 28 U.S.C. § 1292(b).

There is no substantial ground for difference of opinion as to the appropriate standard for notice and conditional certification in a FLSA misclassification. The Sixth Circuit has explained that plaintiffs seeking conditional certification are subject to a "modest factual showing." See, e.g., Comer, 454 F.3d at 547. Although some district courts have not

required plaintiff's to present additional factual support beyond his or her own allegations at the conditional certification stage, the Court finds that there is no "substantial ground" for this difference of opinion. The requirement of a "modest factual showing" necessarily requires some factual showing. See id. Axiomatically, allegations do not meet the definition of a "showing." Because the standard is "fairly lenient," these cases "typically result[] in 'conditional certification' of a representative class." Id. (quoting Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). They do not, however, always result in conditional certification, as they would if the allegations in the complaint were sufficient without any additional factual support. As discussed above, this would render a district court's review at this stage wholly superfluous. See supra p. 6-7.

Considering the Sixth Circuit's explicit guidance as to the standard for FLSA notice and conditional certification, there is not a substantial ground for difference of opinion as to the appropriate standard at this stage. Accordingly, Plaintiff's request for certification of an interlocutory appeal of the order granting in part and denying in part conditional certification is denied.

### C. Taco Bell's Request for Costs and Fees

Defendants argue that because Plaintiff has failed to raise a ground for revision under Local Rule 7.3(b), and because Plaintiff merely repeats the arguments made in her original motion in violation of Local Rule 7.3(c), they should be awarded attorneys' fees and expenses incurred to respond to Tyler's motion. (ECF No. 88 at 14-15.)

Local Rule 7.3(c) provides that

> [n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised. Any party or counsel who violates this restriction shall be subject to appropriate sanctions, including, but not limited to, striking the filing.

LR 7.3(c). Although this Rule does not explicitly provide for attorney's fees, a district court has the inherent power to assess attorney's fees in certain circumstances. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991); First Bank of Marietta and Hartford Underwriters Ins. Co., 307 F.3d 501, 510-16 (6th Cir. 2002).

In the instant case, although Plaintiff failed to comply with the Local Rules in identifying a ground for revision under Local Rule 7.3(b) and did, in essence, repeat the arguments made in her motion for conditional certification, it does not appear that Plaintiff did so intentionally or in bad faith. Moreover, Local Rule 7.3(c) does not contemplate the assessment of

attorney's fees as a sanction for non-egregious noncompliance with the Rule. Accordingly, the Court finds that it would be inappropriate to award attorney's fees and costs in relation to the instant motion.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Revision of Interlocutory Order is DENIED. At the telephonic hearing on May 20, 2016, the parties indicated that they had reached agreement as to the language of the proposed notice. The parties are ORDERED to submit the revised proposed notice by 4:30 p.m. on Friday, June 10, 2016.

**IT IS SO ORDERED,** this 3rd day of June, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE