IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| DORIS TYLER, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-02084-JPM-cgc |
| | ) |
| TACO BELL CORP. and | ) |
| TACO BELL OF AMERICA, LLC, | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER APPROVING RESOLUTION OF FLSA CLAIM; ORDER OF DISMISSAL
WITH PREJUDICE**
_____

Before the Court is the parties'[1] Joint Motion and Memorandum for Approval of Collective Action Settlement (the "Joint Motion"), filed on March 9, 2017.  (ECF No. 93.)  In addition to filing the Joint Motion, the parties have submitted a fully executed copy of their settlement agreement as an exhibit to the Joint Motion.  (ECF No. 93-1.)  A telephonic motion hearing was held on the settlement agreement on March 20, 2017.  Upon review of the Joint Motion, the terms of the settlement agreement, and the statements of the parties during the hearing, the Court concludes that the proposed FLSA settlement is fair and reasonable.  See Bartlow v. Grand Crowne Resorts of Pigeon Forge, 2012 WL 6707008 (E.D. Tenn. 2012).  Specifically, the Court finds (1) no existence of fraud or collusion behind the settlement based upon the representation of counsel; (2) the case is complex, and it would be financially burdensome for the parties to proceed further with the case; (3) the settlement was reached with

---

[1] The parties are Named Plaintiff Doris Tyler, opt-in plaintiffs Sarah Smith, LaShanda Davis, and Sharon Miles, and Defendants Taco Bell of America, LLC and Taco Bell Corp.

some discovery still remaining; (4) Plaintiffs may not prevail at all or may recover less than they are seeking; (5) the settlement amount is reasonable given the range of likely recovery at trial; and (6) each opt-in plaintiff has agreed to the settlement after a thorough review with counsel, and both parties' counsel agree that the settlement is fair and reasonable.  See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1340, 1354 (11th Cir. 1982).  The Court also finds that the lack of restrictive confidentiality provisions, the settlement amounts indicated, and the amount of attorney's fees in the proposed settlement agreement meet the remedial purpose underlying the FLSA.  Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2nd Cir. 2015).

For the foregoing reasons, the Court GRANTS the parties' Joint Motion for Order Approving Resolution of FLSA Claim (ECF No. 93).  Pursuant to the Joint Motion, the settlement agreement, and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), all claims asserted by Plaintiffs against Defendants are hereby DISMISSED WITH PREJUDICE.  A separate judgment will be entered forthwith.

IT IS SO ORDERED, this 20th day of March, 2017.

/s/ Jon P. McCalla_____
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE